UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROL TRUELOVE, Individually and on behalf of the Estate of Edward Harper, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:18-CV-0297-B |
| v. | § § | |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United States of America's (United States) Motion to Dismiss, Doc. 5, and Plaintiff Carol Truelove's (Truelove) Motion for Leave to File First Amended Original Complaint, Doc. 12. For the following reasons, the Court **GRANTS** the United States' motion and **DENIES** Truelove's motion.

### I.

### BACKGROUND[1]

This is a Federal Tort Claims Act (FTCA) case. *See* Doc. 1, Compl. Truelove's father, Edward Harper, was a military veteran admitted to the Dallas VA Medical Center (Dallas VA) in early February 2016. *Id.* ¶ 7. During his stay, the Department of Veteran Affairs (Veteran Affairs) operated the Dallas VA. *Id.* ¶ 6. Harper was admitted for gangrene, but the Dallas VA allegedly failed to give him antibiotics or IV fluids and provided pain medication only upon request, and

---

[1] The Court draws its factual account from Truelove's complaint and the parties' briefing. Any contested fact is noted as such.

Harper was too incoherent to ask for pain medication. *Id.* ¶ 8. Four days after he was admitted, the Dallas VA released Harper even though he had sores covering almost his entire body and was in such severe pain he was unable to talk or sit upright. *Id.* ¶¶ 8–9. On February 16, 2016, Harper died from his condition. *Id.* ¶¶ 10–11.

On February 6, 2018, Truelove, the executrix of Harper's estate, filed suit individually and on the estate's behalf, claiming that the Dallas VA provided inadequate medical and nursing services to Harper and failed to adequately hire or train its employees. *Id.* ¶¶ 16–23. She also makes wrongful death and survivor claims. *Id.* ¶¶ 24–28. On April 16, 2018, the United States filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). See Doc. 5, Mot to Dismiss. On June 25, 2018, Truelove filed a motion to amend her complaint. Doc. 12. Both motions are ripe for review.

## II.

## LEGAL STANDARDS[2]

A.   *Rule 12(b)(6)*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.

---

[2] The Court omits the 12(b)(1) legal standard because it does not reach the United States' 12(b)(1) arguments.

2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

B.   *Rule 15*

Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But this "generous standard is tempered by the necessary power of a district court to manage a case." *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013) (citation omitted). Although Rule 15 indicates a bias in favor of granting leave to amend, leave is by no means automatic. *Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311, 314 (5th Cir. 1996). A district court must have a "substantial reason" to deny leave, yet the decision remains within the court's discretion. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). In its discretion, the court should consider several factors, including "undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent these factors, leave should be freely given. *Id.*

**III.**

**ANALYSIS**

The United States moves to dismiss all of Truelove's claims under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, her negligent-hiring-and-supervision claim under Rule 12(b)(1). *See* Doc. 5, Mot. to Dismiss. In her motion to amend, Truelove seeks to add facts that would moot the United States' 12(b)(6) and 12(b)(1) claims. Doc. 12, Mot. to Amend, 2. The Court considers the United States' 12(b)(6) argument and the effect of Truelove's proposed amendments on that argument first.

The United States contends that Truelove's case should be dismissed because she failed to timely file suit. Doc. 5, Mot. to Dismiss, 11. It argues that under 28 U.S.C. § 2401(b), Truelove had six months from the time that Veteran Affairs mailed a denial of her administrative claim to file suit in district court. *Id.* at 11–12 . Because Veteran Affairs mailed a denial of her administrative claim in July 2017, Doc. 1, Compl. ¶ 5, Truelove was required to file suit by January 2018, but she did not file until February 2018, *Id.*

Truelove responds that under § 2401(b) she was required to file suit either two years from the accrual of the claim or six months after an agency denial. Doc. 13, Pl.'s Resp. to Mot. to Dismiss,, 12–13. Truelove argues that her claim accrued in February 2016 and because she filed suit within two years after her claim accrued, her suit is timely. *Id.* at 13–14.

The Court disagrees with Truelove's interpretation of § 2401(b). Under that provision, tort claims against the United States are "forever barred" unless brought "in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Contrary to Truelove's interpretation, a plaintiff must submit her claim to the appropriate agency within two years after the claim accrues and file suit within six months after the agency's denial in order to maintain an FTCA claim. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015).

Here, Truelove satisfied § 2401(b)'s first requirement by filing an administrative claim on February 28, 2017, less than two years after the claim accrued. Doc. 1, Compl. ¶ 5; Doc. 17, Def.'s Resp. to Mot. to Amend, 2. But because she filed suit seven months after Veteran Affairs mailed the denial of her claim, she failed to satisfy § 2401(b)'s second requirement. Doc. 1, Compl., ¶ 5. Thus, her claims are time barred.

But in her motion to amend her complaint, Truelove seeks to add facts that she claims make her February filing timely. Doc. 12, Mot. to Amend, 2. Truelove contends that she appealed within six months after Veteran Affairs's denial because she received the denial after July 12, 2017 and responded by submitting a "Notice of Disagreement" on January 10, 2018. Doc. 12-1, Pl.'s First Am. Compl., ¶ 5. The United States argues that an amendment to add these facts would be futile. Doc. 17, Def.'s Resp. to Mot. to Amend, 4–9. It concedes that appeal of an agency denial tolls the statute of limitations for filing suit, but it claims that because the relevant dates are when the agency denial was mailed, not received, and when the appeal was received, not mailed, Truelove's appeal was untimely. *Id.*

The Court agrees with the United States. Under the FTCA, "[p]rior to the commencement of suit and prior to the expiration of the 6-month period provided in 28 U.S.C. § 2401(b), a claimant . . . may file a written request with the agency for reconsideration of a final denial of a claim . . . with the effect that the original six-month period prescribed in § 2401(b) is tolled for another six months. 28 C.F.R. §14.9(b); *see Flory v. United States*, 138, F.3d 157, 159 n.6 (5th Cir. 1998). The six month period in § 2401(b) begins the date the denial is mailed. *Beemer v. Holder*, 495 F. App'x 396, 400 (5th Cir. 2010). That period is tolled beginning the day the federal agency receives the appeal. 28 C.F.R. § 14.2(a); *see Flores v. United Stes,* 719 F. App'x 312, 316 (5th Cir. 2018).

Here, Veteran Affairs mailed its denial letter on July 6, 2017. Doc. 17., Def.'s Resp. to Mot. to Amend, 7. So Veteran Affairs needed to receive Truelove's appeal by January 6, 2018 in order for her appeal to be timely. But Truelove did not mail her appeal until January 10, 2018. Doc. 12-1, Pl.'s First Am. Compl., ¶ 5. Thus, Veterans Affairs did not receive her appeal before expiration of the six-month period beginning on July 6, 2017. Because Truelove's appeal was untimely, her proposed amendments are futile. *Garner v. United States*, No. 3:17-cv-00800-G-BN, 2018 WL 1442754, at *3 (N.D. Tex. Mar. 6, 2018). So the Court **DENIES** Truelove's motion.

In the absence of a valid appeal, Truelove was required to file suit within six months of July 6, 2017. 28 U.S.C. § 2401(b); Doc. 17., Def.'s Resp., 7. Because Truelove filed suit February 6, 2018, she failed to meet the deadline and her suit is time barred. Thus, the Court **GRANTS** the United States' motion to dismiss and **DISMISSES with prejudice** all of Truelove's claims.

## IV.

## CONCLUSION

For the reasons stated above, the United States's Motion to Dismiss, Doc. 5, is **GRANTED** and Truelove's Motion for Leave to File First Amended Original Complaint, Doc. 12, is **DENIED**.

**SO ORDERED.**

SIGNED: August 6, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE